THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br>**CHRISTINA M. McDERMOTT**<br><br>Debtor | **Case No. 25-31871-KLP**<br>Chapter 7 |

| | |
|---|---|
| CHRISTINA M. McDERMOTT<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>DEPARTMENT OF EDUCATION<br><br>and<br><br>MAXIMUS EDUCATION, LLC dba<br>AIDVANTAGE<br><br>Defendants. | COMPLAINT SEEKING<br>STUDENT LOAN DISCHARGE<br><br>AP: 25-____________ |

TO THE HONORABLE JUDGES SEATED IN THE RICHMOND DIVISION:

Comes now Christina M. McDermott, plaintiff-debtor herein, by counsel, and moves for a finding that the debt owed to the United States Department of Education, Maximus Education, LLC and Aidvantage (Federal Student Aid) arising from the plaintiff's attendance at college is eligible for discharge as repayment on such student loan debt poses an undue hardship upon the plaintiff-debtor, and as grounds therefore she hereby states:

1. This is an adversary proceeding brought pursuant to Federal Rules of Bankruptcy Procedure 7001(6) and 7001(9) to determine the dischargeability of a debt under 11 U.S.C. §

John C. Morgan, Jr., VSB # 30148
Suad Bektic, VSB # 90012
NEW DAY LEGAL, PLLC
8500 Mayland Drive, Floor 1
Richmond, VA 23294
Telephone (804) 997-7395
*Counsel for the Debtor*

523(a)(8) of the Bankruptcy Code.

2. This Court has jurisdiction of this proceeding pursuant to Section 1334 of Title 28 of the United States Code.

3. This adversary proceeding constitutes a core proceeding as defined in Title 28 U.S.C. § 157(b)(2).

4. This is a complaint by a consumer debtor against the United States Department of Education, and Maximus Education, LLC (dba Aidvantage) to determine the dischargeability of a debt owed by the debtor to the US Department of Education, Maximus Education, LLC and Aidvantage (Federal Student Aid) (hereinafter "Aidvantage").

5. This complaint seeks discharge of all sums owed to the US Department of Education, Maximus Education, LLC (hereinafter "Maximus") and Aidvantage as an undue hardship under 11 USC § 523(a)(8).

<u>FACTS</u>

6. The plaintiff-debtor filed a Chapter 7 bankruptcy petition on May 9, 2025.

7. One of the debts owed by the plaintiff and listed on Schedule F and represented as number 4.1 "Aidvantage Fed Student Aid" is a consolidation loan taken out in September of 2023 with Aidvantage to refinance all student loans that were established and held with Navient (aka Navient Solutions, LLC) taken between 2001 and 2005 and represents a total liability for student loans owed to the U.S. Department of Education in an estimated amount of $69,379.00, as of the date of the bankruptcy filing, plus accrued interest.

8. This female debtor is 46 years old and lives in Weems, Virginia.

9. She is divorced since May of 2007 and lives by herself in a camper at 393 Lumberlost Trail in Weems, Virginia paying $600.00 per month for lot rent and also $200.00 per month toward buying the camper for a total of $20,000.00. There is no interest charged on this loan.

10. The debtor attended ESPI College of Technology from 2001 to 2003 studying Information Technology to become a Network Administrator. Then she worked as an operations controller for the Society of Worldwide International Financial Transactions until attending Strayer University part time to earn her bachelor's degree in Information Technology, attending from 2004 to 2005. She then separated from her ex-husband and attended to the duties of a single mom raising children.

11. Upon information and belief, these student loan debts are backed by the United States Department of Education.

12. The loans were originally taken through the schools using a Sallie Mae program, and were taken over in whole by Navient as the servicer. Her payments, when made, varied around $200.00 per month for at least 40 non-consecutive months, paying a total of more than $7,000.00.

12. In 2023, the debtor consolidated her student loans with Aidvantage, paying the Navient loans down to $0.00. In that loan she borrowed $67,000.00, which with interest was $69,379.00 as of the date of filing the bankruptcy case on May 9, 2025. Using the "Save Plan" the debtor was making monthly payments of $35.35 per month, and then Aidvantage put the loans into forbearance.

13. The debtor's income over the last three (3) years has been approximately $50,000 per year, and has not been enough to pay her student loans while affording a minimal standard of living, supporting herself. She has no dependents.

14. The debtor is currently working in Whitestone, Virginia for Hanley Electrical Services, LLC as an office manager and has been working in that capacity for seven (7) years. Given her limited education and experience, and her rural location, she is unable to find better paying alternative employment opportunities.

15. After refinancing with Aidvantage in 2023, she addressed the student loans by making required payments in the amount of $35.35 per month for four (4) months, before Aidvantage placed the loans in forbearance because of a lawsuit concerning the SAVE Plan. If forced to repay $69,000 over the next ten (10) years, her payment would have to be at least $575.00 per month if no interest accrued, and she believes that with that sized payment she would be unable to maintain a minimal standard of living, supporting herself.

16. The plaintiff-debtor has minimal unencumbered assets. See Schedule A/B, Docket Entry 14, Bankruptcy Case Number 25-31871. Her assets have not increased since her Chapter 7 case was filed. The plaintiff-debtor has no significant assets with which she can pay the student loans.

17. Based on the plaintiff-debtor's current income and expenses, the plaintiff cannot maintain a minimal standard of living if required to repay her student loans to the defendants. She lives "hand to mouth".

18. It is not possible for Ms. McDermott to repay her student loans within the repayment period of the loans. Her current financial condition is likely to continue for a significant portion of the repayment period of the loans.

19. Ms. McDermott has made all reasonable efforts to maximize her income. She has made a good-faith effort to repay her debt owed to the defendants as she has continuously addressed the loans by making multiple payments, sacrificing her ability to maintain a minimal standard of living.

## ARGUMENT

20. The issue presented is whether debtor's educational loans are excepted from discharge as an undue hardship. Bankruptcy Code §523 provides in the relevant part: *(a) A discharge under 727 of this title does not discharge an individual debtor from any debt . . .*

*(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtors' dependents, for-- (A)(i) an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.*

21. Under the *Brunner Test*, a debtor must establish three elements to qualify for the undue hardship exception. First, the debtor must establish that she cannot, based on current income and expenses, maintain a "minimal" standard of living for herself and her dependents if forced to repay the loans; second, that this state of affairs is likely to persist for a significant portion of the repayment period of the student loan; and third, that the debtor has made good faith efforts to repay the loans. These are the three "prongs" of the *Brunner Test*. Brunner v. New York State Higher Educ. Servs. Corp. *In re Brunner*, 46 B.R. 752, 754 (S.D.N.Y. 1985), affd, 831 F.2d 395 (2d Cir. 1987).

22. Under the first prong, the plaintiff-debtor has not been able to maintain a minimal standard of living. A cursory glance at Ms. McDermott's stated monthly expenses shows that she does not have monthly income to maintain a minimal standard of living if forced to repay these student loans.

23. Under the second prong of the *Brunner Test*, the current state of affairs is likely to continue for the foreseeable future and certainly during the repayment period. Ms. McDermott is a hard worker holding down an appropriate job for her educational qualifications. Prospects for vertical advancement are very limited in her field. There are no changes expected to occur that would allow her to increase her income in any meaningful

way. It is unlikely that she will be able to make payments on the educational loans for the foreseeable future and live a normal life.

24. Under the third prong of the *Brunner Test*, the plaintiff-debtor has made a good faith effort to pay the educational loans over the life of the loan(s), making more than 45 payments. There have been no defaults during that time.

25. Having satisfied the three elements, or prongs, to qualify for the undue hardship exception to qualify for a discharge, the plaintiff-debtor is requesting such a hardship discharge. Her limited income qualifies her for a hardship discharge of the loans.

WHEREFORE, your plaintiff-debtor prays that this Court enter an order declaring the debt owed by the plaintiff-debtor to be discharged in whole or in part, pursuant to 11 U.S.C. §523(a)(8) and for other such relief as this Court finds appropriate.

CHRISTINA M. McDERMOTT
By Counsel

/s/ John C. Morgan

John C. Morgan, Jr., VSB Number 30148
Suad Bektic, VSB Number 90012
8500 Mayland Avenue, Floor 1
Richmond, Virginia 23294
(804) 997-7395 (phone)
(888) 612-0943 (fax)
jcm@newdaylegal.com
sbektic@newdaylegal.com
*Counsel for the Debtor*

Service:

US Attorney General Pam Bondi
US Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001

Secretary of Education Linda McMahon
US Department of Education
400 Maryland Avenue, SW
Washington DC 20202

EDVA US Attorney Erik S. Siebert
Civil Process Clerk
701 East Broad Street, Suite 3000
Richmond, VA 23219

Maximus Education, LLC
1600 Tysons Boulevard, Suite 1400
McLean, VA 22102-4893
Registered Agent: Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219-4100

and

Aidvantage Federal Student Aid
1891 Metro Center Drive
Reston, VA 20190
and
P.O. Box 300001
Greenville, TX 75403-3001
and
P.O. Box 4450
Portland, OR 97208-4450
Registered Agent: Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219-4100