# United States Bankruptcy Court
### Eastern District of Virginia
Richmond Division

**Case Number** 25–31871–KLP
**Chapter** 7
**Adversary Proceeding Number** 25–03033–KLP
**Judge** Keith L Phillips

**In re:** Christina M. McDermott

Christina M. McDermott

Plaintiff(s)

VS.

United States of America Department of Education et al.

Defendant(s)

## INITIAL SCHEDULING ORDER

1. **Discovery Meeting; Commencement of Discovery; Initial Disclosures.**
    A. Counsel for the parties and any party not represented by an attorney shall meet to formulate a discovery plan as required by Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f) no later than 40 days after the issuance of the summons. The meeting may be in person or by telephone.
    B. Discovery may be commenced 40 days after the issuance of the summons, or earlier, after the discovery meeting, provided that the parties have agreed upon a discovery plan.
    C. The initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) shall be made not later than the date set for the initial pretrial conference.

2. **Initial Pretrial Conference.** An initial pretrial conference under Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16(a) shall be held on <u>December 3, 2025 at 09:30 AM in Judge Phillips' – Courtroom, U. S. Bankruptcy Court, 701 E. Broad St., Rm. 5100, Richmond, VA 23219</u>, to establish a discovery plan, set a trial date, establish various deadlines for the filing of motions and to consider any matters as provided for in Federal Rule of Bankruptcy Procedure 7016. Counsel for the parties and any party not represented by counsel must be present at the Initial Pretrial Conference unless such attendance is excused by the presiding Bankruptcy Judge prior to the Initial Pretrial Conference or Local Bankruptcy Rule 2090–1(H)(2)(d) is satisfied.

3. **Final Pretrial Conference.** A final pretrial conference, if deemed necessary by the Court, shall be the subject of a separate order.

4. **Availability of Mediation Pursuant to Local Bankruptcy Rule 9019–1.** The parties may jointly move for mediation at any time sufficiently in advance of the scheduled trial date as to not delay the trial. A joint mediation motion must be signed by all counsel for the parties and any party not represented by counsel. The Court may sua sponte refer the matter to mediation. Mediation may only be commenced upon the entry of an order to mediate.

5. **Consent to Entry of Final Orders.** Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to Withdraw the Reference or for other appropriate relief within 30 days of the entry of this Scheduling Order. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.

6. **Service of Order by Plaintiff.** The Clerk shall provide a copy of this order to the plaintiff, who shall serve it on all defendants with the summons and complaint.

Date:  October 9, 2025

**FOR THE COURT**
**Charri S Stewart, Clerk**
**United States Bankruptcy Court**

**NOTICE OF JUDGMENT OR ORDER**
**ENTERED ON THE DOCKET**
October 9, 2025

By: Michelle Rose Stehle
Deputy Clerk

[initialSchOrdvApr2025.jsp ver. 4/2025]