**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 25-31871-KLP** |
| **CHRISTINA M. MCDERMOTT,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |
| | § | |
| | § | |
| | § | |
| **CHRISTINA M. MCDERMOTT** | § | **Adv. Proc. No. 3:25-AP-3033** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA DEPARTMENT OF EDUCATION** | § | |
| | § | |
| | § | |
| **and** | § | |
| | § | |
| **MAXIMUS EDUCATION, LLC d/b/a AIDVANTAGE** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**AIDVANTAGE'S (I) MOTION TO DISMISS ALL CLAIMS AGAINST AIDVANTAGE PURSUANT TO RULE 12(b)(6) OR, ALTERNATIVELY, TO COMPEL PLAINTIFF TO AMEND COMPLAINT TO REMOVE AIDVANTAGE AS A NAMED DEFENDANT AND (II) BRIEF IN SUPPORT**

Defendant Maximus Education, LLC d/b/a Aidvantage ("Aidvantage"), by and through its attorneys, Husch Blackwell LLP ("HB"), hereby moves to dismiss (this "Motion") all of Plaintiff Christina M. McDermott's ("Plaintiff") claims against Aidvantage as set forth in her *Complaint Seeking Student Loan Discharge* [Docket No. 1] (the "Complaint") pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6) or, alternatively, for entry of an order directing Plaintiff to amend her Complaint to remove Aidvantage as a Defendant.

**Preliminary Statement**

1. Plaintiff commenced this lawsuit (this "Adversary Proceeding") to obtain a hardship discharge of her educational loan debt in her personal bankruptcy case pursuant to section 523(a)(8) of the Bankruptcy Code. She filed her Complaint on August 18, 2025. Hardship discharge under section 523(a)(8) is the only cause of action that Plaintiff has pleaded against Aidvantage.

2. Plaintiff has inappropriately named Aidvantage as a defendant in her Complaint. Plaintiff has incorrectly plead that she is indebted to both the United States Department of Education ("DOE") and Aidvantage as her lender. Compl. at 2 ¶¶ 4-5, 7. However, because Aidvantage is only a loan servicer, Plaintiff has no debt to Aidvantage that could even be subject to discharge and Plaintiff inappropriately named Aidvantage as a defendant in this Adversary Proceeding, which asserts one cause of action for a hardship discharge under section 523(a)(8). *See* 11 U.S.C. § 727(b) ("a discharge under subsection (a) of this section discharges the debtor from all ***debts*** that arose before the date of the order for relief under this chapter…") (emphasis added). Accordingly, Plaintiff has failed to plead any claims against Aidvantage upon which relief can be granted. In the interest of judicial economy and to prevent undue prejudice to Aidvantage, the Court should dismiss Aidvantage from this Adversary Proceeding, or in the alternative, order Plaintiff to amend her Complaint to remove Aidvantage as a defendant.

**Facts**

3. Aidvantage is a loan servicer of educational loan debt held by DOE. In this role, Aidvantage services student loans for the DOE by managing accounts and providing customer service. Under this contractual relationship with DOE, Aidvantage does not itself own the student loans the borrower has with DOE. As a loan servicer, neither Aidvantage nor any of its other related companies, corporations or entities has any authority to litigate the discharge of any

debt Plaintiff owes to DOE. Aidvantage has no authority over discharge or discharge litigation with respect to any debt held by DOE.

**<u>Legal Standard</u>**

4. Rule 12(b)(6) is made applicable to adversary proceedings by Fed R. Bankr. P. 7012. When considering a Rule 12(b)(6) motion, a court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citation omitted). However, within the Fourth Circuit, courts do not "accept as true a legal conclusion couched as a factual allegation" nor do they credit "unwarranted inferences, unreasonable conclusions, or arguments." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (citing *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) and *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)). Additionally, courts also reject "naked assertions devoid of further factual enhancement." *Id.*

5. To survive a motion to dismiss, the complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," and must set forth "a claim for relief that is plausible on its face." *Rodriguez v. F & B Solutions*, 20 F.Supp. 3d 545, 547 (E.D. Va. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 570 (holding complaint must allege enough facts to move the claim "across the line from conceivable to plausible"). Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## **Argument**

6. The Court should dismiss Plaintiff's claim against Aidvantage as a matter of law for failure to state a claim upon which relief may be granted. There are neither factual assertions on the face of the Complaint, nor any evidence attached thereto, to sustain Plaintiff's undue hardship claim against Aidvantage under section 523(a)(8) of the Bankruptcy Code. *See SD3 v. Black & Decker*, 801 F.3d at 422. Educational loan borrowers are indebted to their loan holders, not to loan servicers like Aidvantage, so Plaintiff's claim against Aidvantage is neither plausible nor legally cognizable. *E.g.*, *Johnson v. Duncan*, 746 F. Supp. 2d 163, 168 n.4 (D.D.C. 2010) (holding that loan servicer had "no power or authority to discharge [plaintiff's] … student loans"). Plaintiff has plead insufficient facts to sustain her section 523(a)(8) claim against Aidvantage. The Court should dismiss Aidvantage from the Complaint on this basis alone.

7. Setting aside the hardship discharge under section 523(a)(8) (which cannot be sustained against Aidvantage because Plaintiff is not indebted to Aidvantage), Plaintiff has failed to plead any other cognizable claims against Aidvantage. Accordingly, the Court should dismiss all of Plaintiff's claims against Aidvantage.

8. In similar cases requesting discharge of student loans owned by the Department of Education where Aidvantage is named as a defendant, courts have *sua sponte* dismissed Aidvantage as a party because Aidvantage is merely the servicer. *Haywood v. United States Dept. of Educ.*, No. 25-00070, Docket No. 12, n.1 (D. Md. June 6, 2025) ("The Complaint in this case names Aidvantage as the sole defendant. However, Defendant [the Department of Education] is the real party in interest as the student loans at issue are owned by Defendant," and granting Department's motion to intervene); *McKenzie v. U.S. Dep't of Educ.*, 6:25-ap-6002, Docket No. 19 (D. Oregon June 18, 2025) ("The court engaged the parties in a discussion regarding Aidvantage's role in the adversary proceeding. [The Department's counsel] confirmed

that Aidvantage is the servicer of the student loans held by the Department of Education, and that the department can resolve the case without Aidvantage's involvement.").

9. Several other decisions in federal courts throughout the country likewise support Aidvantage's request for dismissal under Rule 12(b)(6) for the reasons set forth herein. *See, e.g., White v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809, 815 (E.D. Mich. 2023), *reconsideration denied*, No. 1:22-CV-11229, 2024 WL 641019 (E.D. Mich. Feb. 15, 2024) (dismissing claim for discharge of student loan debt against loan servicer because, "Great Lakes, as the loan servicer, has no authority to discharge student-loan debt"); *Gavin v. Dep't of Air Force*, 324 F. Supp. 3d 147, 151 (D.D.C. 2018) ("even if [plaintiff] did have a cause of action for discharge of her student loans, it does not appear that Nelnet would be a proper defendant"); *see also Johnson*, 746 F. Supp. 2d at 168 n.4.

10. In many other cases, the plaintiff, whether proceeding *pro se* or with counsel, has voluntarily dismissed Aidvantage once they and/or their counsel understands that Aidvantage is just a servicer not authorized to discharge any debts held by DOE. *See, e.g.*, *Yolanda Romero v. U.S. Dept. of Educ., et al.*, No. 25-01101, Docket No. 14 (dismissing Aidvantage from adversary proceeding); *Iweka v. Sallie Mae Bank, et al.*, No. 25-04085, Docket No. 9 (Bankr. N.D. Tex. Aug. 20, 2025) (same); *Manu v. U.S. Dept. of Educ.*, 5:25-ap-1049, Docket No. 17 (Bankr. W.D. Ok. July 24, 2025) (same); *Husarsky v. U.S. Dept. of Educ.*, No. 25-00109, Docket No. 5 (Bankr. D. Md. June 30, 2025) (same); *Harrison v. U.S. Dept. of Educ.*, No. 24-04088, Docket No. 7 (Bankr. W.D. Wash. Jan. 15, 2025) (same).

11. Aidvantage calls the Court's attention to publicly available information that confirms that Aidvantage only services federal student loans. For instance, Aidvantage is listed as an "Official Servicer of Federal Student Aid" for "loans that the U.S. Department of

Education (ED) owns" on the Federal Student Aid website.[1] The Court may take judicial notice of government websites in deciding this Motion. *See* Fed. R. Evid. 201. Aidvantage's website also explains to borrowers that "Federal Student Aid (FSA) is your federal loan provider." [2]

**Conclusion**

WHEREFORE, Defendant Aidvantage respectfully requests that the Court enter an order: (1) dismissing all of Plaintiff's claims against Aidvantage with prejudice or, alternatively, directing Plaintiff to amend her Complaint to remove Aidvantage as a Defendant; and (2) granting such other relief as the Court deems just and proper.

Dated: November 10, 2025.

Respectfully Submitted,

*/s/ Steven A. Neeley*

Steven A. Neeley (VA Bar # 78870)
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006
Ph. (202) 378-2331
Fax (202) 378-2319 facsimile
Email: steve.neeley@huschblackwell.com

*Attorneys for Maximus Education, LLC d/b/a Aidvantage*

[1] Federal Student Aid, "Who's My Student Loan Servicer?" *available at* https://studentaid.gov/manage-loans/repayment/servicers (last accessed Nov. 7, 2025).

[2] Aidvantage, Official Servicer of Federal Student Aid, "About Aidvantage," *available at* https://aidvantage.studentaid.gov/getting-started/about-aidvantage (last accessed Nov. 7, 2025).

**CERTIFICATE OF SERVICE**

I, Steven A. Neeley, hereby certify that on November 10, 2025, I caused a copy of the foregoing document and all exhibits thereto to be served through the ECF system, and that copies will be sent electronically to registered participants, and paper copies will be sent to those indicated as non-registered participants requesting notice as of the date herein and as listed below.

*/s/ Steven A. Neeley*
Steven A. Neeley

**Via U.S. Mail and Email**

John C. Morgan, Jr.
Suad Bektic
8500 Maryland Avenue, Floor 1
Richmond, Virginia 23294
(804) 997-7395 (phone)
(888) 612-0943 (fax
jcm@newdaylegal.com
sbektic@newdaylegal.com
***Counsel for Debtor***

U.S. Department of Education
Office of the General Counsel
400 Maryland Ave SW
Washington, DC 20202
***Defendant***