IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| CHRISTINA M. MCDERMOTT, | ) | Bankr. No. 25-31871-KLP |
| Debtor. | ) | Chapter 7 |
| CHRISTINA M. MCDERMOTT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 3:25-AP-3033-KLP |
| U.S. DEPARTMENT OF EDUCATION, *et al.*, | ) | |
| Defendants. | ) | |

JOINT MOTION TO STAY ADVERSARY PROCEEDING

The parties, by counsel, request that the Court stay further action in the above-entitled adversary proceeding through and including May 15, 2026. As grounds for this Motion, the parties state the following:

1. The above-captioned adversary proceeding was filed on August 18, 2025. Dkt. No. 1. An Alias Summons and an Initial Scheduling Order were entered on October 9, 2025 (Dkt 6, 7) with the United States' deadline to answer due by November 10, 2025. Dkt. 6.

Robert P. McIntosh
VSB No. 66113
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
Email: Robert.McIntosh@usdoj.gov
*Counsel for the United States of America*

2. Service on the United States Attorney was misaddressed (Dkt 8, page 3) (showing process mailed to the address of the Clerk of Court, United States District Court at "701 East Broad Street, Suite 3000, Richmond, VA 23219"), and the United States Attorney was not made aware of this proceeding until being informed by the agency on December 2, 2025. Counsel for the United States became aware of the initial pretrial conference scheduled for December 3, 2025, *after the fact* when examining the docket sheet in the adversary proceeding on the afternoon of December 3, 2025.

3. In November 2022, the U.S. Department of Justice ("DOJ") in consultation with the U.S. Department of Education ("Education") issued "Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation" (the "Guidance") which set forth a streamlined approach to student loan discharge litigation in bankruptcy. The Guidance envisions the plaintiff completing an "Attestation" of her income and expenses, from which the DOJ attorney and Education work to establish facts from which the parties may stipulate to a full or partial discharge.

4. Upon learning of the existence of the current action, counsel for the United States wrote to plaintiff's counsel by email (December 3, 2025) requesting: (1) that the plaintiff complete the form Attestation (provided) and produce all required supporting documentation; and (2) that the parties jointly move the Court to stay initial pretrial proceedings and allow the parties to follow the Guidance procedures.

5. On January 6, 2026, the parties conferred by telephone and agreed: (1) that the plaintiff would provide the requested Attestation; and (2) the parties would request the Court to enter a stay of proceedings to allow the Guidance procedures to be completed.

6. Consequently, the parties request that the Court stay this adversary proceeding through May 15, 2026. A stay of this proceeding will further the goal of minimizing litigation costs and burdens on the parties and enhance efficiency in processing dischargeability consideration under the Guidance.

7. Courts have "broad discretion" to stay proceedings in matters before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

8. In bankruptcy proceedings, courts have found the power to issue a stay of proceedings is derived from Section 105(a) of the Bankruptcy Code, which authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). *See, e.g., U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC),* 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012) (Court has inherent authority to stay bankruptcy proceedings under Section 105(a)) (*citing Musselman v. Home Ins. Co. of Ind. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 1990 U.S. Dist. LEXIS 10235 at *2 (S.D.N.Y. Aug. 7, 1990) (Section 105(a) authorizes bankruptcy to enter a complete stay of an adversary proceeding)).

9. In this case, staying continuation of the litigation is appropriate to allow the parties to complete the Guidance procedures. Therefore, the parties request that the Court stay the present matter and suspend compliance with the summons and the Initial Scheduling Order, through May 15, 2026. The Parties further request the Court set a status conference in this proceeding on or after May 15, 2026, to reset any scheduling order deadlines, trial dates, or other

deadlines imposed in this adversary proceeding. The parties shall file a joint status report one week prior to this date (*i.e.*, by May 8, 2026), advising the Court whether they believe any grounds exist for requesting a further extension of the stay of this proceeding, or whether dismissal or placement of the adversary proceeding case back on the Court's active docket is appropriate.

Dated: January 9, 2026.

Respectfully submitted,

LINDSEY HALLIGAN
United States Attorney and Special Attorney

TODD W. BLANCHE
Deputy Attorney General

ROBERT K. MCBRIDE
First Assistant United States Attorney

By: /s/ Robert P. McIntosh
Robert P. McIntosh, VSB No. 66113
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
Email: Robert.McIntosh@usdoj.gov
*Counsel for the United States*

By Robert P. McIntosh w/ authorization by John C. Morgan, Jr., based on email dated 1/8/2026.

/s/ John C. Morgan, Jr.
John C. Morgan, Jr., VSB No. 30148
NEW DAY LEGAL
8500 Mayland Avenue, Floor 1
Richmond, VA 23294
Telephone: (804) 997-7395
Facsimile: (888) 612-0943
Email: jcm@newdaylegal.com
*Counsel for the Plaintiff/Debtor*

CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date: January 9, 2026

/s/ Robert P. McIntosh
Robert P. McIntosh
Assistant United States Attorney